## SUPREME COURT.

·LAFAYETTE COOK, respondent, agt. HEMAN SWIFT, appellant.

On an *appeal* from a justice's judgment to the county court, where either party intend, upon allegations and proofs of *error in fact*, to make an application for a *new trial* on that ground, as provided by the Code; it is error for the county court not to hear the case on both grounds, but only to hear and decide the question of the appeal upon the merits, on the justice's return, without hearing and deciding also the application to set aside the judgment and for a new trial, where the latter question was moved and insisted on.

*Erie General Term, November*, 1859.
*Present*, GREENE, *P. J.*, MARVIN *and* DAVIS, *Justices.*

APPEAL from judgment of Erie county court, affirming the judgment of the justice.

S. CAVERNO, *for plaintiff.*
G. PARSONS, *for defendant.*

By the court—MARVIN, Justice. The parties joined issue, and the cause was adjourned. On the adjourned day the defendant did not appear, the plaintiff did appear and examined witnesses, and the justice rendered judgment in his favor. The defendant appealed to the county court, stating, as grounds, that the justice erred in calling the suit on the adjourned day, for the reason that the plaintiff did, after the cause was adjourned, in the presence of the court, withdraw the action; and at the same time gave notice to the defendant and his counsel of the same. · Also, that the justice had no jurisdiction to render judgment against the defendant. The justice made a return of the proceedings in the action. The defendant procured several affidavits tending to prove a defence, and also that after the cause was adjourned, the plaintiff gave notice to the defendant that he had, or should withdraw it, and that he, the defendant, should make no more costs. Copies of the

affidavits were served upon the plaintiff, with notice that they would be used, &c. The plaintiff procured several affidavits, and others were made in behalf of the defendant in reply. The record contained all the affidavits.

The case came on for hearing in the county court, and the return and affidavits were read, and the counsel for the appellant was proceeding to argue the case upon the return of the justice, and also his application for a new trial founded upon the affidavits, when his attention was called to a rule of the court to the effect that, when the appeal is founded upon an error of fact, or a new trial is asked for, the same shall be heard upon the affidavits, &c., and be decided before the hearing upon the return of the justice. The counsel for the appellant claimed the right to be heard upon the return and the affidavits at the same time. The court refused to permit this, but would hear the application for a new trial, and decide it, before hearing the case upon the return. The counsel then stated that he wished to argue the appeal upon the return at that time, and proceeded in his argument upon the return. An order was entered by direction of the court, " motion to set aside judgment and for a new trial herein ; motion withdrawn and ordered that the defendant pay respondent $5.00 costs for opposing, and thereupon cause is argued, submitted, and court take the papers." The counsel for the appellant insisted that the affidavits and appeal upon the return should be heard together, and the court should first consider the case upon its merits, &c. These facts are presented by stipulation. The county court affirmed the judgment upon the return of the justice, and has not passed upon the application for a new trial founded upon the affidavits. We agree that the court decided correctly upon the justice's return, and it is not necessary here to state the question made upon that. But should not the court have decided all the questions before it ?

By the Code, section 353, the appellant is to serve notice of appeal, stating the grounds upon which the appeal is founded. Section 366, directs as to the judgment of the county court. The judgment of the justice may be reversed for error of law

or fact. The question as to error in fact may be determined on affidavits, or, in the discretion of the court, upon the examination of witnesses. Thence comes the provision, that if the defendant failed to appear before the justice, and it is shown, by the affidavits served or otherwise, that manifest injustice had been done, and the defendant satisfactorily excuses his default, the court may, in its discretion, set aside or suspend judgment, and order a new trial, before the same or any other justice, at such time and place, and on such terms, as the court may deem proper.

The county court should have heard, and should have passed upon all the errors alleged, whether of law or fact, and upon the application for a new trial. The only way provided by the Code for bringing before the court the errors, either of law or fact, is by appeal. And there must be an appeal when it is intended to make an application for a new trial. So I understand the Code. The provision relating to setting aside or suspending the judgment and ordering a new trial, is contained in the section relating to judgment to be given "upon the hearing of the appeal,"—section 366.

There is but one appeal and but one hearing, and I suppose the appellant may avail himself of all the errors, whether of law or fact, prejudicial to his rights, and may also make the application for a new trial, under the circumstances specified in the Code.

If there is error in law or error in fact, the county court should reverse the judgment. If there is no error in law or fact, the judgment should be affirmed, unless there is an application, under the circumstances specified in the Code, for a new trial. If such application is made, the county court should pass upon the question, and, in its discretion, deny the application or grant it, &c. The judgment will be reversed upon some error of law or fact, or the judgment will be set aside or be suspended, and a new trial ordered; or, notwithstanding all the grounds alleged by the appellant, the judgment will be affirmed.

The mode of bringing errors of fact before the court, is prop

erly pointed out, I think, in *Hurd* agt. *Beeman*, (8 *How*. 254), and I think the same practice applicable to this case.

In the present case, the county court has not passed upon the question raised by the affidavits. The court has not exercised its discretion whether the judgment should be set aside, &c., and a new trial ordered. The court refused to hear and pass upon that question, at the time it heard and passed upon the alleged error in law to be found in the return.

It is true that, by the rule entered, it is said that the motion was withdrawn—meaning the motion for the relief founded upon the affidavits; but the stipulation shows that the counsel for the appellant did not withdraw this part of his case, but insisted upon his right to be heard upon the whole case, and that the court should pass upon all the questions. The court refused to hear an argument upon the whole case, and directed the rule to be entered. I think the county court erred in not hearing the whole case, and I think this court should reverse the judgment, simply leaving the cause pending in the county court upon the appeal, and the county court should proceed to hear the case and pass upon all the questions.

Judgment accordingly.